UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JORGE BRIONES** | : | **CIVIL ACTION NO. 2:16-cv-1172** |
| B.O.P. # 60871-054 | | **SECTION P** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **FEDERAL BUREAU OF PRISONS** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is an application for writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2241 by *pro se* petitioner, Jorge Briones ("Briones"). Briones is in the custody of the Federal Bureau of Prisons ("BOP"), and is incarcerated at the Federal Correctional Institute in Oakdale, Louisiana ("FCIO"). However, his petition is based on events that occurred while he was incarcerated at Schuylkill Federal Correctional Institute in Minersville, Pennsylvania.[1]

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

**I.**
**BACKGROUND**

Briones seeks a federal writ of *habeas corpus* to challenge a prison disciplinary conviction that resulted in the loss of good-time credits and other sanctions. Doc. 4, p. 2. Briones was charged with possession, manufacture, or introduction of a hazardous tool, namely a cell phone charger.

---

[1] Jurisdiction must be judged as of the time a petition is filed. *Lee v. Wetzel*, 244 F.3d 370, 375 n. 5 (5th Cir. 2001). Since Briones was incarcerated in this district when he filed his petition, jurisdiction and venue over his § 2241 petition are proper. *Id.*; 28 U.S.C. § 2241(d).

Doc. 4, att. 1, pp. 7–8. The charged offense was referred to the Disciplinary Hearing Officer ("DHO"). On October 7, 2013, a hearing was held before the DHO, wherein Briones pleaded guilty to the prohibited act. *Id.* His sanctions included, among other things, loss of 41 days of good time credit and forfeiture of 270 days of non-vested good time credit.[2] *Id.* at 8. Briones provided documentation showing that he appealed the DHO's findings at every level. *Id.* at 1–21.

Briones alleges that the forfeiture of the non-vested good time credit was unconstitutionally excessive given that this was his first violation and that the infraction was "minor." Doc. 4, p. 7. He also cites a mistake in the DHO report as possibly affecting the application of the sanctions. Doc. 4, att. 1, pp. 3–4. He states that:

> the DHO literally puts words in the inmate's mouth inserting in parenthesis the words 'Cellular Telephone' thus changing the entire meaning of what the inmate had pled guilty to, that being a 'cell phone charger.'

*Id.* at 3. As relief, Briones asks this court to reinstate the 270 days of non-vested good time credit. Doc. 4, p. 8.

## II.
### LAW AND ANALYSIS

Briones seeks *habeas corpus* relief pursuant to 28 U.S.C. § 2241, which provides that "the writ of *habeas corpus* shall not extend to a prisoner unless – [h]e is in custody in violation of the Constitution or laws or treaties of the United States . . . ." 28 U.S.C. § 2241(c)(3). Here Briones claims that he was wrongfully deprived of good-time credits and other privileges.

**A. *Miscellaneous Sanctions***

According to well-settled precedent, sanctions that are "merely changes in the conditions of [an inmate's] confinement" do not implicate due process concerns. *Madison v. Parker*, 104 F.3d

---

[2] The other sanctions included a loss of one year of visitation and phone privileges, and a $180.00 fine. Doc. 4, att. 1, p. 10.

- 2 -

765, 767–68 (5th Cir. 1997). Limitations imposed upon commissary or recreational privileges, and a cell restriction or solitary confinement on a temporary basis, are the type of sanctions that do not pose an atypical or significant hardship beyond the ordinary incidents of prison life. *See id.*; *compare Sandlin v. Conner*, 115 S. Ct. 2293, 2301 (1995) (no liberty interest protecting against a 30 day period of disciplinary segregation) *with Wilkinson v. Austin*, 125 S. Ct. 2384, 2394–95 (2005) (indefinite disciplinary segregation was an atypical punishment implicating the Due Process Clause). The Fifth Circuit has also decided that adjustments to a prisoner's classification status and the potential impact on good-time credit earning ability are not protected by the Due Process Clause. *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000).

Because the sanctions mentioned above do not implicate a protected liberty interest, Briones cannot show that he is entitled to *habeas corpus* relief from these forms of punishment.

### B. Loss of Good Time Credits

Federal prisoners have liberty interests in their accumulated good-time credit. *See Henson v. U.S. Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000). Because a good-time credit liberty interest is implicated, the analysis approved by the Supreme Court in *Wolff v. McDonnell*, 94 S. Ct. 2963 (1974), and *Superintendent, Massachusetts Correctional Institution v. Hill*, 105 S. Ct. 2768 (1985), governs this review of the contested disciplinary proceedings.

In order for a prison disciplinary proceeding to comport with the requirements of due process, the following minimal procedural safeguards must be afforded: (1) adequate notice of the alleged violation; (2) an opportunity to present evidence; (3) written findings in support of the ruling; and (4) the requirement that upon review, "some evidence" support the ruling. *Hill*, 105 S. Ct. at 2773–74; *Wolff*, 94 S. Ct. at 2978–80.

Courts will not review a disciplinary hearing officer's factual findings *de novo*. Instead, the courts will only consider whether the decision is supported by "some facts" or by "a modicum of evidence." *Hill*, 105 S. Ct. at 2773–74. Accordingly, "[p]rison disciplinary proceedings are overturned only where no evidence in the record supports the decision." *Broussard v. Johnson*, 253 F.3d 874, 877 (5th Cir. 2001). "Determining the believability of the testimonies presented at the hearing is left to the discretion of the hearing officer." *Hudson v. Johnson*, 242 F.3d 534, 537 (5th Cir. 2001). The information provided in a written incident report standing alone can satisfy the "some evidence" standard. *Id.* at 536–37.

In this case, the DHO considered the following: (1) the incident report; (2) the investigation; and (3) a photograph of the cell phone charger. Doc. 4, att. 1, pp. 7–8. Based on a review of the above information, the hearing officer found Briones guilty of the charged offense. Given the range of information relied upon by the DHO, there is no question that the "some evidence" standard was met. Briones' assertion regarding the inserted language in the DHO report does not undermine the DHO's conclusions, as the same report clearly describes the hazardous object as a cell phone charger. *Id.* at 8.

Finally, Briones argues that his loss of good-time credit was excessive. A disproportionate sentence may violate the Eighth Amendment. *See McGruder v. Puckett*, 954 F.2d 313, 315-16 (5th Cir. 1992). Comparison between the gravity of the charged offense and the severity of the sentence is used to determine if a sentence is disproportionate. *Id.* If the sentence is not grossly disproportionate to the offense, the inquiry is complete. *Id.* at 316.

In the present case, Briones pleaded guilty to a violation of Code 108, possession, manufacture, or introduction of a hazardous tool, namely a cell phone charger. Doc. 4, att. 1, p. 7.

Pursuant to 28 CFR § 541.3 (Table 1), said violation is categorized as one of the greatest severity level prohibited acts. As such, the following sanctions, among others, are available:

> (1) Forfeit and/or withhold earned statutory good time or non-vested good conduct time (up to 100%) and/or terminate or disallow extra good time;
>
> (2) Disallow ordinarily between 50% and 75% (27–41 days) of good conduct time credit available for year;
>
> (3) Disciplinary segregation;
>
> (4) Monetary fine; and
>
> (5) Loss of privileges (e.g., visiting, telephone, commissary, movies, recreation).

*Id.*

In this case, the sentence imposed by the DHO was well within the federal guidelines for a 100 level violation. The DHO detailed the reasons for the sanctions as follows:

> Briones' possession of a cellular telephone paraphernalia (cellphone charger) is considered a threat to the security and orderly running of the institution and considered a hazardous tool due to the ability to charge a cellular telephone which can make unmonitored telephone calls. Cellular Telephones have been used to make unmonitored phone calls as well as to arrange the introduction of contraband and escape. Accordingly, Disciplinary Segregation, the Disallowance of Good Conduct Time and the Forfeiture of Non Vested Good Conduct Time is sanctioned to punish Briones for his misconduct while the Loss of Privileges (Phone and Visit) and a Monetary Fine is sanctioned in an effort to deter him from future misconduct. The DHO finds the charge for code 108 to warrant the Forfeiture of Non Vested Good Conduct Time in addition to the Disallowance of Good Conduct Time based on the offense being of a highly aggravated offense which greatly jeopardizes the safety of staff and inmates.

Doc. 4, att. 1, p. 8

That Briones labels the infraction "minor" and feels that the sanctions were too harsh for a first time violation does not make it so. As detailed above, this offense poses considerable security risks to the correctional facility.

Based on the evidence at the disciplinary hearing and the maximum punishment available, Briones has not shown that the loss of 41 days of good time credit and forfeiture of 270 days of non-vested good time credit, along with loss of privileges, was grossly disproportionate to the offense. Accordingly, relief should also be denied on this ground.

### III.
#### CONCLUSION

For reasons stated,

**IT IS RECOMMENDED** that the application for writ of *habeas corpus* be **DENIED** and **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. Proc. 2(b), parties aggrieved by this report and recommendation have fourteen (14) days from its service to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 31st day of January, 2017.

KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE